## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

JAMES PARKER TRUCKING            *
ENTERPRISES,
               Plaintiff,            *

        v.                    *            Civil Action No. AW-05-56

HANDEX OF MARYLAND, INC.,         *

          Defendant.            *
                             *****

## MEMORANDUM OPINION

This action involves a contract claim brought by James Parker Trucking Enterprises ("Parker Trucking" or "Plaintiff") against Handex of Maryland, Inc. ("Handex" or "Defendant"). Currently pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [6]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant Defendant's Motion to Dismiss.

## I.    FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to the non-movant.[1] Handex is a Delaware Corporation engaged in a wide variety of activities related to environmental consulting services. Parker Trucking is a contracting firm located in Rockville, Maryland.

In September 2002, Handex was preparing to submit a bid to serve as a general contractor in the Sandy Hill landfill project ("the Project"). The owner of the Project required all of the general contractors

---

[1]For a fuller discussion of the facts underlying this Complaint, see this Court's March 15, 2005 Memorandum Opinion denying Plaintiff's Motion to Remand for Lack of Jurisdiction.

bidding on the Project to enter into a Minority Business Participation Agreement ("the MBE Agreement"), which required a certain percentage of a contractor's subcontracts to be performed by Minority Business Enterprises ("MBE").  Parker Trucking is a certified Minority Business Enterprise ("MBE").  In September 2002, Parker Trucking submitted a bid to Handex to perform subcontracting work on the Project.  Handex incorporated the bid by Parker Trucking into its proposal to the owner of the Project.  Handex won the bid for the Project and entered into a general contractor's agreement with the owner of the Project. However, Handex did not accept the bid by Parker Trucking to enter into a subcontracting agreement and instead awarded the work to another subcontractor.

On December 3, 2004, Parker Trucking filed a Complaint against Handex in the Maryland state courts.  On January 7, 2005, the case was removed to this Court on the basis of diversity jurisdiction.  On January 14, 2005, Handex filed its Motion to Dismiss, or, in the Alternative, for Summary Judgment, arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  The instant motion is now ripe for disposition.

## II.   <u>STANDARD</u>

It is well established that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief."  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true.  *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18

(4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## III. ANALYSIS

In its Motion to Dismiss, Defendant argues that Parker Trucking does not have the capacity to sue, and moreover, that Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore, the Court should dismiss Plaintiff's case. The Court agrees.

First, Defendant notes that "James Parker Trucking Enterprises," the name under which Plaintiff brings the instant suit, is merely a trade name under which "James Parker Trucking LLC," a limited liability corporation, operates. "It is hornbook law that unincorporated associations have never been accorded a status as jural persons for purposes of diversity jurisdiction." *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 94 (4th Cir. 1983); *see in re Midwest Athletic Club*, 161 F.2d 1005, 1010 (7th Cir. 1947) ("You may not sue a name unless someone is doing business under that name, in which case

3

the party or parties so doing business may be sued individually under said name or by the trade name as provided in Rule 17(b).").  As such, Plaintiff has sued Defendant in the incorrect capacity; Parker Trucking as a trade name does not have the capacity to sue.  Plaintiff has not responded to this charge, nor has it brought a motion to amend its Complaint.  Therefore, the Court will grant Defendant's Motion to Dismiss on this basis.

Second, Defendant argues that, in any case, Plaintiff has failed to state a claim upon which relief can be granted.  Specifically, Defendant charges that the Complaint fails to allege a *prima facie* claim of breach of contract.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2).  The general test for adequacy of the pleadings under Rule 8 is "whether the statement of the claim contains the required elements, stated plainly and succinctly, and whether it gives the opposing party fair notice of the nature and basis of the claim."  *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1060 (D. Md. 1991).

Plaintiff's three-page Complaint alleges a factual scenario that could give rise to several theories of liability, none of which Plaintiff states with particularity.  The most likely claim that Plaintiff attempts to assert is that of breach of contract.  Specifically, Plaintiff alleges that Handex solicited a bid for subcontracting services from Parker Trucking, that Parker Trucking furnished Handex with said bid, and that Parker Trucking received a letter of intent from Handex, indicating that Handex would award the subcontract to Parker Trucking.  Plaintiff also alleges that Handex used the bid by Parker Trucking in connection with Handex's bid to the owner of the Project, and that Handex was awarded the Project, in

4

part, on the basis of the bid by Parker Trucking.  Notably absent from Plaintiff's Complaint is an allegation that Handex and Parker Trucking actually entered into a contract.

It is well-settled law that as a prerequisite to the formation of a contract, there must be an offer and acceptance.  *Buffalo Pressed Steel Co. v. Kirwan*, 113 A.2d 628, 630 (Md. 1921).  In *Buffalo*, the Maryland Court of Appeals explained:

> A contract has been defined as an "agreement which creates an obligation," and such an agreement may be defined as the concurrence of two or more persons in a common intent to affect their legal relations ... The agreement referred to must rest finally upon an offer made by one party and the acceptance thereof by the other party to that contract.  An offer is a proposal to enter into a contract, and an acceptance is the assent of the party to whom the offer is addressed to its terms.  The offer must be certain and definite, and the acceptance must in every respect meet and correspond with the offer.

*Id.* (internal citations omitted).  Here, Plaintiff fails to allege that Parker Trucking made an offer to Handex and that Handex accepted the offer, or *vice versa*.  The incorporation of Plaintiff's bid into Handex's presentation to the owner of the Project is insufficient to create a contractual relationship.  *See Merritt-Chapman & Scott Corp. v. Gunderson Bros. Eng'g Corp.*, 305 F.2d 659, 662 ("A general contractor's use of a subcontractor's bid is not the legal equivalent of acceptance."); *Finney Co., Inc. v. Monarch Constr. Co., Inc.*, 670 S.W.2d 857, 860 (Ky. 1984) ("No contractual relationship is created between the subcontractor and the general contractor even though the bid is used as a part of the general over-all bid by the general contractor and accepted by the awarding authority.").

Similarly, the bare allegation of the existence of a letter of intent does not create a contractual obligation, where the letter of intent merely expresses Handex's intent at some future point to enter into a contract with Parker Trucking.  *See Inst. Mgmt. Corp. v. Translation Sys., Inc.* 456 F.Supp. 661, 669

(D Md. 1978) ("Preliminary negotiations about the terms of the contract do not constitute the contract.");

*see also McGinn v. Am. Bank Stationary Co.*, 195 A.2d 615, 616 (Md. 1963) ( "A contract, to be final, must extend to all the terms which the parties intend to introduce, and material terms cannot be left for future settlement.").  Plaintiff fails to allege with any specificity the terms of the letter of intent or more generally the existence of a verbal contract.  Plaintiff's Complaint merely asserts legal conclusions without alleging sufficient facts to support these conclusions, and as such, Plaintiff's Complaint fails to state a claim for breach of contract.

Nor does Plaintiff's Complaint state a claim for promissory estoppel.  In Maryland, in order to prove promissory estoppel, a plaintiff must show:  (1) a clear and definite promise; (2) where the promisor has a reasonable expectation that the offer will induce action or forbearance on that part of the promisee; (3) which does induce actual and reasonable action or forbearance by the promisee; and (4) causes a detriment which can only be avoided by the enforcement of the premises.  *Bessette v. Weitz*, 811 A.2d 812, 824 (Md. Ct. Spec. App. 2002).  For the reasons stated above, Plaintiff's Complaint fails to allege the existence of a clear and definite promise.  Additionally, although the Complaint alleges that Parker Trucking relied upon its belief that it would be awarded the contract, Plaintiff fails to allege that this reliance caused a detriment that can only be avoided by the enforcement of the promise.  Any claims of unjust enrichment similarly fail.  *Trident Constr. Co., Inc. v. Austin* Co., 272 F.Supp.2d 566, 578 (D.S.C. 2003) (" ... when a subcontractor submits a proposal to a general contractor, the general contractor is not unjustly enriched when it does not award the subcontract to that subcontractor even though it the general contractor may have benefitted from the subcontractor's bid.").  For these reasons, Plaintiff's Complaint fails to state a claim either for promissory estoppel or unjust enrichment.

**IV.** **CONCLUSION**

For all of the aforementioned reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.  Accordingly, the Court will GRANT Defendant's Motion to Dismiss [6].  An Order consistent with this Opinion will follow.


Date:   April 29, 2005                                     /s/

Alexander Williams, Jr.
United States District Court